38

## James H. SMITH *v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND

82-297                                    648 S.W.2d 475

Supreme Court of Arkansas
Opinion delivered April 4, 1983

*Rieves, Shelton & Mayton*, for appellant.

*William Palma Rainey*, for appellee.

RICHARD B. ADKISSON, Chief Justice. The Crittenden County Chancery Court held that appellant, James Smith, had no interest in property which had been executed upon by appellee, Fidelity & Deposit Company of Maryland. On appeal we affirm.

Fidelity had an unsatisfied judgment against James Browder for $24,303.11. James Browder was the owner of the

Jewelry Nook at 500 East Broadway in West Memphis. On September 10, 1981, appellant allegedly bought $5,000 worth of used jewelry from the Jewelry Nook. Appellant obtained a receipt from James Browder which indicated that appellant had paid cash dollars for "79 Rec. dia, wed. & men rings," and "12 Gold necklaces." Appellant did not take possession of the merchandise at the time of sale. And, even though he testified that the jewelry was tagged by a Jewelry Nook employee and that a list of the jewelry was made at that time, appellant was unable to produce this list at trial.

Appellant testified that around the first of November he took possession of the jewelry he had bought and began doing business at Browder's Jewelry Store at 526 East Broadway in West Memphis. Appellant stated that at the time the store opened, his wife wrote out a three page inventory list of the jewelry which was introduced into evidence at trial. Appellant further testified that he sold $2,000 worth of this jewelry, which he replaced with additional jewelry he purchased from James Browder around the latter part of December. No receipt for the additional jewelry was introduced at trial, although appellant testified that he kept track of the jewelry by adding it on to the end of his inventory list.

Appellant allegedly went into business with James Browder's brother, Larry, but testimony at trial revealed that Larry had a full time job as a bus driver and that James Browder actually ran Browder's Jewelry store. The building lease was in James Browder's name, he signed all the checks for the store, and one witness testified that he observed things being moved from the Jewelry Nook to Browder's Jewelry Store in October. There was also testimony to the effect that James Browder made various business arrangements for the store, including one with Delta Auction to auction off the jewelry when it became obvious that Browder's Jewelry Store was not profitable. However, before the auction was held, Fidelity executed on its judgment against Browder, directing the sheriff to take possession of the real and personal property located at Browder's Jewelry Store. On February 9, 1982, the sheriff took possession of all

the merchandise at that location, including the jewelry which appellant alleges belonged to him, and inventoried it.

The chancellor held that all the merchandise in Browder's Jewelry Store was subject to execution, finding that it was not possible to identify appellant's property from the evidence introduced at trial. We cannot say that this finding is clearly erroneous. The list of the jewelry that was allegedly made at the time of purchase was not introduced at trial. The $5,000 receipt which James Browder gave appellant indicates that appellant purchased 12 necklaces, yet no necklaces were listed on appellant's inventory sheet. Nor is there any way to reconcile appellant's inventory sheet with the inventory list prepared by the sheriff when he executed on the property. For example, rings marked "here" on appellant's inventory sheet were apparently not there when the sheriff inventoried the property.

There was sufficient evidence from which the trial judge could have found that the purported sale of jewelry by James Browder to appellant was a subterfuge and an attempt by James Browder to avoid paying his just debts.

Affirmed.